U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 0 2013

CLERK, U.S. DISTRICT COURT
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

ROBERT CLYDE MCMILLEN, 1822252,  )
      **Plaintiff,**  )
v.  )      No. 3:13-CV-1098-O
    )
RICK THALER, ET AL.,  )
      **Defendants.**  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Rick Thaler, Director of the Texas Department of Criminal Justice ("TDCJ"), and Dawson State Jail employees Michael Phillips, James Allen, Susana Reyna, S. Garrett and Veronica Grahm.

Plaintiff states Defendant James Allen gave him a sleeping mat with insufficient cushioning and rips on the end, cursed at him and told lies about him that resulted in disciplinary cases. He states Defendant S. Garrett was his counsel substitute and that she did not conduct an investigation of the disciplinary charges and did not properly represent him during the disciplinary cases. Plaintiff states Defendant Veronica Graham was the Shift Supervisor and that she conducted an insufficient disciplinary hearing. He states Defendant Michael Phillips was in

charge of the Dawson State Jail and is responsible for the actions of his employees. Plaintiff

states Susana Reyna was the Dawson State Jail Head of Staff for grievances and that she is

responsible for her employees' actions. He states Rick Thaler is responsible for the actions of

TDCJ employees. Plaintiff seeks an order transferring him to a different jail and also money

damages.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129

S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### 1.    Supervisor Liability

Plaintiff alleges Defendants Thaler, Phillips and Reyna are liable as supervisors of other

defendants. To be liable under § 1983, however, an individual must be personally involved in

the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718

F.2d 756 (5th Cir. 1983).  It is well settled that supervisory officials cannot be held vicariously

liable for their subordinates' actions under § 1983.  *See Monell v. Dep't of Social Servs.*, 436

U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v.*

*Arceneaux*, 768 F.2d  737, 739 (5th Cir.1985) (per curiam).  Supervisory officials may be held

liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii)

implement unconstitutional policies that causally result in plaintiff's injury.  *See Thompkins v.*

*Belt*, 828 F.2d 298, 303 (5th  Cir. 1987).  In this case, Plaintiff does not allege that these

Defendants were personally involved in the deprivation of his rights.  Plaintiff has also failed to

allege or show that Defendants implemented an unconstitutional policy that resulted in a

violation of his civil rights.  These claims should be dismissed.

**2.     Disciplinary Proceedings**

To the extent Plaintiff challenges the results of his disciplinary proceedings, the claims

are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  That

decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or

confinement unless and until the reason for his continued detention has been reversed on direct

appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal

court.  *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity

of a conviction or pending charge.  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not shown that his disciplinary proceedings have been reversed

or declared invalid.  Hence, no § 1983 cause of action has yet accrued and these claims should be

dismissed with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d

423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are

met).

Additionally, Plaintiff has failed to show that Defendant Allen violated his constitutional rights when Allen cursed at him.  Verbal abuse does not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *White v. Gutierez*, 274 Fed. Appx. 349, 349 (5th Cir. 2008).  Plaintiff has also failed to show that the sleeping mat violated his constitutional rights.  These claims should be dismissed.

Finally, an inmate does not have a constitutional entitlement to an adequate grievance investigation.  *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (finding prisoners have no due process right to a grievance investigation); *Kimble v. Smith*, No. 2:00-CV-352, 2003 U.S. Dist. WL 21350339 (N.D. Tex. June 9, 2003) (finding no constitutional claim arises from failure to properly investigate prisoner grievance).  This claim should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims challenging the result of his disciplinary proceedings should be dismissed until the *Heck* conditions are met; and (2) Plaintiff's remaining claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 20 day of _____May_____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).